UNITED STATES of America, Libelant,

v.

ONE 1958 CHEVROLET AUTOMOBILE, Serial No. F58A162720.

Civ. A. No. 8045.

United States District Court
E. D. South Carolina,
Florence Division.

Aug. 19, 1964.

Thomas P. Simpson, Charleston, S. C., for plaintiff.

Greer & Chandler, Darlington, S. C., for defendant.

SIMONS, District Judge.

The above listed automobile is being held on the basis of a Libel of Information and an Order that Monition and

Attachment issue, which Order was filed by this Court on April 22, 1963. Mrs. Margaret Olivia Sanders asserted she is the rightful owner of the said Chevrolet and filed a Petition for the return of the seized property on May 8, 1963, based on the fact that the car was used in violation of the Internal Revenue Laws of the United States without her consent or knowledge. Trial was held before the Court without a jury in Florence, South Carolina on August 7, 1964.

## FINDINGS OF FACT

1] On January 23, 1964, the subject Chevrolet was being driven in Darlington, S. C. by one Archie Beasley Sanders, a repeated violator of the Internal Revenue laws.

2] The said automobile was noticed to be heavily loaded by an investigator of the Treasury Department and was stopped and searched. It was found to contain some forty-two gallons of bottled spirits being illegally transported therein.

3] Archie Beasley Sanders pleaded guilty to charges arising out of this incident and was sentenced by this Court.

4] Petitioner herein is the aunt of Archie Beasley Sanders, and on January 23, 1963, she had gone to the home of her brother to visit his wife who was ill. She had not been to visit her brother in some two years and had had no contact with her nephew in over three years. She did not have any knowledge that her nephew had been involved in any violation of the Internal Revenue Laws.

5] About 5:00 p. m. she loaned the said Chevrolet to her nephew to purchase some cigarettes from a store nearby and expected him to return promptly. She had no indication that he intended to pick up a load of untaxed whiskey and transport it in her car. When her nephew did not return some hours later she went to Police Headquarters to report her automobile missing and was there informed that Archie Beasley Sanders had been arrested.

6] Petitioner established that she was the owner of the subject Chevrolet at the time of its seizure.

## CONCLUSIONS OF LAW

While the petition of Mrs. Margaret Olivia Sanders does not formerly seek a remission of the forfeiture it asks that the forfeiture action be dismissed and the automobile be returned to her. Under 18 U.S.C.A. § 3617 this Court has jurisdiction to remit or mitigate the forfeiture if the petitioner complies with the applicable requirements of the said statute, to wit: [1] that she has an interest in such vehicle as owner or otherwise, which she acquired in good faith and [2] that she had at no time any knowledge or reason to believe that it was being or would be used in the violation of the laws of the United States or of any State relating to liquor.

From the testimony adduced at the trial, I find that the said automobile was illegally used to transport untaxed whiskey in violation of the Internal Revenue laws of the United States and should be forfeited under the provisions of §§ 7301 and 7302 of the Internal Revenue Code of 1954, as amended.[1] It is, therefore,

Ordered, that the said vehicle be forfeited to the United States.

I further find from the testimony presented to the Court at the trial that the petitioner has met all the conditions precedent to remission, and it is

Ordered, that the forfeiture above mentioned be, and it hereby is, remitted and the United States Marshal for above mentioned Judicial District is directed to forthwith release and deliver over to Mrs. Margaret Olivia Sanders the above listed Chevrolet automobile. Petitioner will pay all costs incident to the seizure and forfeiture incurred by the United States.

1. Title 26, U.S.C.A. §§ 7301 & 7302.